[No. 14411-9-III.  Division Three.  January 21, 1997.]
RICHARD MCLENDON, *Appellant*, v. SNOWBLAZE RECREATIONAL CLUB OWNERS ASSOCIATION, ET AL., *Respondents.*

---

630

*Dustin D. Deissner*, for appellant.

*Brad E. Herr; Patrick J. Downey*; and *James B. King, Christopher J. Kerley*, and *Keefe, King & Bowman*, for respondents.

SWEENEY, C.J. — In 1987, the owners of the Snowblaze condominium units formed an organization now called the Snowblaze Recreational Club, Inc., to govern the affairs of the Snowblaze condominiums (the 1987 Declaration). Management is by a board of directors. The 1987 Declaration authorizes the subdivision and combination of apartments, common areas and facilities by a 60 percent vote of all apartment owners.

In 1990, Snowblaze owners adopted a new declaration (the 1990 Declaration). In 1991, the Board of Directors agreed to lease Ruth Branson a common storage area next to her unit. She planned to convert the storage area into a bedroom for her unit. The 1990 Declaration required approval of 67 percent of the owners in the *involved building only* to combine an apartment and a common area. Fourteen of the fifteen owners in her building approved.

Later, in an unrelated lawsuit, a Spokane County Superior Court ruled the 1990 Declaration invalid. In 1993, the Board submitted a new declaration to all owners for approval. In the same election it asked the owners to ratify its actions during the period between the ineffective 1990 Declaration and the new declaration. Of the total membership, 67 percent approved the new declaration and 63.45 percent ratified the Board's actions.

Richard McLendon, a condominium owner, sued Ms. Branson and Snowblaze to declare the lease invalid and to get a permanent injunction. Snowblaze and Ms. Branson answered, alleging, among other things, that Snowblaze had authority to enter into the lease under the 1987 Declaration and the 1993 ratification. Mr. McLendon and Snowblaze moved for summary judgment. The court granted Snowblaze's motion for summary judgment. Mr. McLendon appeals.

The case presents two questions: (1) Did the owners properly ratify the Board's decision to lease the common area to Ms. Branson under the 1987 Declaration, and (2)

does the lease violate the prohibitions of RCW 64.32.050(3), which bars partitioning of common areas.

## DISCUSSION

■ The material facts are undisputed; we decide whether the moving party is entitled to judgment as a matter of law. *Marincovich v. Tarabochia*, 114 Wn.2d 271, 274, 787 P.2d 562 (1990).

Whether Snowblaze Properly Ratified the Lease. Mr. McLendon first contends the owners did not properly ratify the Branson lease. He claims that the 1987 Declaration required the unanimous consent of all owners in Snowblaze to combine a common area and an apartment.

■ When the 1990 Declaration was declared invalid, the 1987 Declaration became the governing declaration. *See Rains v. Walby*, 13 Wn. App. 712, 720, 537 P.2d 833 (1975) (finding that when agreement that was to supplement the prior agreement failed for lack of consideration, the prior agreement remained in force), *review denied*, 86 Wn.2d 1009 (1976). To comply with the 1987 Declaration, more than 60 percent of the apartment owners had to ratify the lease of the common area. "[A]partment owners having sixty percent (60%) of the votes may provide for the subdivision of [sic] combination or both, of any apartment or apartments or of the common areas, or any parts therof [sic], and the means for accomplishing such subdivision or combination, or both . . . ." Section 16.01 of the 1987 Declaration.

■ The owners ratified all Board action between the invalid 1990 Declaration and adoption of the 1993 Declaration, with a 63.45 percent affirmative vote. The vote ratified the Branson lease. An agreement may be made fully operative by subsequent validation. *See* 1 ARTHUR L. CORBIN, CORBIN ON CONTRACTS § 1.6, at 19 (Joseph M. Perillo rev. ed. 1993); *see also* RESTATEMENT (SECOND) OF CONTRACTS § 380 cmt. a (1979).

Mr. McLendon argues that section 30 of the 1987 Decla-

ration requires unanimous approval to combine the apartment and common area. He is mistaken. That provision, or at least the portions addressed by the parties here, controls amendment of the entire declaration. It does not address the question before us: voting requirements for combining a common area and an apartment.

Whether the Lease Is Void as Contrary to RCW 64.32. Mr. McLendon next contends that the contract created under section 16.01 of the 1987 Declaration violates RCW 64.32.050(3) and is therefore void.

■ RCW 64.32.050(3) provides that "[t]he common areas and facilities shall remain undivided and no apartment owner . . . shall bring any action for partition or division of any part thereof . . . ." But RCW 64.32.090(10) requires that a condominium declaration contain "[a] provision authorizing and establishing procedures for the subdividing and/or combining of any apartment or apartments, common areas and facilities or limited common areas and facilities . . . ." Section 16.01 of the 1987 Declaration then is the provision required by RCW 64.32.090(10).

Both statutes are easily reconciled. RCW 64.32.050(3) addresses problems created by the nature of condominiums as a tenancy in common. The right to partition is an established characteristic of tenancies in common. 4B RICHARD R. POWELL & PATRICK J. ROHAN, POWELL ON REAL PROPERTY ¶ 633.11[1], at 806 (1990). But to allow a unit owner to bring an action to partition common areas would disrupt the whole condominium structure. POWELL & ROHAN, at 806. RCW 64.32.050(3) addresses that threat. An apartment owner must not be allowed to bring any action for partition as long as the condominium continues. POWELL & ROHAN, ¶ 633.11[4], at 809. The 1987 Declaration, by section 16.01, establishes procedures required by RCW 64.32.090(10). The contract created under that section is not inconsistent with RCW 64.32.050(3).

Affirmed.

634

THOMPSON, J., and MUNSON, J. Pro Tem., concur.